IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

EMILY BARRAGAN                                                                          PLAINTIFF

V.                                            NO. 13-2002

CAROLYN W. COLVIN,[1]
Acting Commissioner of the Social Security Administration                DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Emily Barragan, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.      Procedural Background:**

Plaintiff filed her current application for DIB on March 22, 2011, alleging an inability to work since March 8, 2011, due to herniated disc, arthritis, two bulging discs, thyroid disease, high blood pressure, anxiety, high cholesterol, and bladder infections. (Tr. 107-108, 142, 146). An administrative hearing was held on October 27, 2011, at which Plaintiff appeared with counsel and testified. (Tr. 35-56).

By written decision dated December 6, 2011, the ALJ found that during the relevant time

---

[1] Carolyn W. Colvin, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

period, Plaintiff had an impairment or combination of impairments that were severe - degenerative disc disease of the lumbar spine and bipolar disorder. (Tr. 16). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 16). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform sedentary work as defined in 20 CFR 404.1567(a) except that she can only occasionally climb, balance, stoop, kneel, crouch and crawl. The claimant can do work where interpersonal contact is incidental to the work performed, the complexity of work is learned by rote with few variables and little judgment involved and supervision is simple, direct and concrete.

(Tr. 18). With the help of the vocational expert (VE), the ALJ determined that during the relevant time period, Plaintiff was unable to perform any past relevant work, but that there were other jobs Plaintiff could perform, such as unskilled production and assembly work, including lampshade assemblers, compact assemblers, and shoebucklers and lacers; and checkers, weighers and examiners, including ordnance check weigher, nut sorter, and zipper trimmer. (Tr. 22).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which considered additional information and denied that request on October 31, 2012. (Tr. 1-5). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 13, 14).

**II.    Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by

-2-

substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial

gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity (RFC). See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

### III. Discussion:

Plaintiff raises the following issues on appeal: 1) The ALJ erred when assessing Plaintiff's RFC by discounting the treating physician's opinion; and 2) The ALJ erred when determining the credibility of Plaintiff's subjective pain by failing to consider the side effects of Plaintiff's medication. (Doc. 13).

### A. RFC Determination:

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's

determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

In the present case, the ALJ found that Plaintiff had the RFC to perform sedentary work with certain limitations. (Tr. 18). In making this determination, the ALJ considered the medical records, observations of treating physicians and others, and Plaintiff's own descriptions of her limitations. The ALJ discussed the results of the MRI of Plaintiff's lumbar spine as well as Plaintiff's mental impairments. (Tr. 18-19). The ALJ discussed the medical records of Dr. Michael Cole, who stated in one of his reports that Plaintiff was unable to work due to continued severe low back pain. (Tr. 19). The ALJ reported that Dr. Cole's opinion was not consistent with the amount of activity described by Plaintiff in her function report, where Plaintiff indicated she was able to clean house, run errands, cook, take care of her daughter, and do laundry. (Tr. 20). Plaintiff also took her daughter to and from school, and went grocery shopping two times a week for 45 minutes to one hour. (Tr. 166-167). The ALJ also noted that Plaintiff indicated her discharge from her last employer was for drugging a fellow employee's drink. (Tr. 278).

On November 24, 2010, Dr. Thomas E. Cheyne, of River Valley Musculoskeletal Center, examined Plaintiff, based upon her complaints of chronic low back and left leg pain. (Tr. 194). His impression was chronic lumbar radiculopathy, to rule out lumbar disk protrusion. (Tr. 194). Dr. Cheyne reported that he would put Plaintiff on a Medrol Dose-Pak followed by Mobic 15 mg. daily, have her take hot showers twice daily, and that she should remain active but protective of her back. (Tr. 195). X-rays of Plaintiff's lumbar spine revealed mild degenerative disk

-5-

changes, most significant at L3-4. (Tr., 196). On December 6, 2010, Plaintiff again saw Dr. Cheyne, who reported that the MRI scan primarily indicated a left-sided disk herniation at L4-5 with left foraminal and recess stenosis. (Tr. 205). He thought the left L4-5 disk herniation was the primary source of her symptoms, and had her continue her Mobic and hot showers. (Tr. 205). He also reported that he would send her to physical therapy three days weekly for modalities to include lumbar traction and schedule a LESI injection. (Tr. 205).

On April 12, 2011, a Physical RFC Assessment was completed by non-examining physician Dr. Stephen A. Whaley, who opined that Plaintiff appeared to be capable of performing light work. (Tr. 264). This opinion was affirmed by Dr. Bill F. Payne on May 13, 2011. (Tr. 273).

In his decision, the ALJ gave Dr. Cole's opinion "no special significance" because it was not well supported by the evidence as a whole. (Tr. 19). The ALJ further reported that Dr. Cole's opinion was not consistent with the amount of activity described by Plaintiff in her function report. (Tr. 20). The ALJ also found that Dr. Cole's opinion was also inconsistent with Dr. Cheyne's statement in November 2010 that Plaintiff could remain active but needed to be protective of her back. (Tr. 20). The ALJ discounted Dr. Whaley's opinion, as it did not adequately take into account Plaintiff's subjective complaints of pain. (Tr. 20).

The Court believes the ALJ gave sufficient reason for the weight he gave the various physician's opinions, and that there is sufficient evidence to support the ALJ's RFC assessment.

Based upon the foregoing, and for those reasons given in Defendant's well-stated brief, the Court finds there is sufficient evidence to support the ALJ's RFC assessment.

**B.     Credibility Findings:**

AO72A
(Rev. 8/82)

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

Plaintiff argues that the ALJ failed to consider the side effects of Plaintiff's medication. However, there is no evidence, and Plaintiff does not point to any, that Plaintiff ever complained to her physicians of any side effects of her medication. Instead, Plaintiff merely points to the April 1, 2011, Pain and Other Symptoms Agency Form that Plaintiff filled out, wherein she lists certain side effects of her medication. (Tr. 162). Accordingly, the ALJ was not required to discuss side effects of Plaintiff's medication or further develop the record regarding the alleged side effects. See Zeiler v. Barnhart, 384 F.3d 932, 936 (8th Cir. 2004).

Based upon the foregoing, as well as those reasons given in Defendant's well-stated brief, the Court finds there is substantial evidence to support the ALJ's credibility findings.

**IV.    Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision

should be affirmed. The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 13th day of February, 2014.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)